# Bradford's Appeal.

To bring the property claimed by a married woman, under the protection of the Act of 11th April, 1848, it is necessary that her ownership should be proved, by identifying it as property which she owned before her marriage, or if purchased afterwards, that it was paid for with her separate funds.

The declarations of the husband that certain property, purchased by the wife, belonged to her, unaccompanied with any explanation of how she acquired or paid for it, are insufficient to vest the property in the wife, even as against the next of kin of the husband, his estate being solvent.

In the absence of clear and satisfactory proof, that property purchased by the wife, after marriage, was paid for out of her own separate funds, the presumption is that it was paid for by means furnished by the husband.

A party cannot take his chance of a favourable finding of facts by an auditor, and when the report is adverse apply for an issue to be tried by jury.

THIS was an appeal from the decree of the Orphans' Court of *Armstrong county*.

D. Phelps, Esq., was appointed auditor, and made the following report:—

John Bradford, the intestate, died in Franklin township, in this

[Bradford's Appeal.]

county, on the 22d of August, 1855, leaving a widow, the account-ant, and collateral heirs, to wit: one brother, Samuel Bradford, the exceptant, and children of Eleanor Bonner, deceased, who was a sister of the intestate.   John Bradford left no issue.

At the time of his death, John Bradford owned a farm of 137 acres of land in Franklin township, worth about $1631.61, as per appraisement list.   Out of the personal property the widow re-, tained $300 under the exemption law.   The administratrix in her account filed charges herself with all the personal property con-tained in the appraisement list, except the amount retained by her, as already stated.   The appraisers appraised all the personal property showed them by the widow, except the property men-tioned in exception second, which she claimed as her own sepa-rate property, to wit: a bay mare, worth $95 or $100; a bay colt, $40; three cows, $30; and three head of young cattle, $15. The exceptant alleges that this was not the separate property of the wife, but belonged to her husband, and that she ought to be charged with it.   There is no evidence that Mrs. Bradford had any money or property at the time she was married, except some bedding, and some few articles of household furniture.   Her father lived in the neighbourhood, and was in good circumstances. But there is no evidence that she ever received anything from him or any other source after her marriage in her own right.   Mrs. Bradford appears to have had a good deal of energy, and to have taken considerable interest in, as well as control over, the business of her husband; sold marketing, loaned money, made bargains. She bought the mare and two of the cows in dispute, and paid the money for them.   John Bradford told different persons that his wife had money, and on one occasion, when a neighbour wanted to borrow money from him, he said he had none, but that his wife had money, and to go to her, and he thought he might get it from her.   Mrs. Bradford bought the mare when a colt; the bay colt was out of this mare; she bought one of the cows from John Green, and another from H. C., but it does not appear how she came by the third; the young cattle were the calves of these cows, and were raised on the farm.   John Bradford, when speaking of these horses and cattle, always said they were his wife's, except on one occasion mentioned by Valentine Bowser, when Mrs. Bradford wanted the mare to ride to town, Mr. Bradford wanted the mare to plough, and refused to let his wife have her; and said " he would let her know the mare belonged to him; that she claimed the mare; but when it came to the pinch, he owned her."   It does not appear that John Bradford ever made a formal gift of any of his property to his wife, or ever said he had done so; or that it was ever set apart by him for the sole use and benefit of his wife.   It was kept on the farm with his other stock.   The colts and young cattle were raised there, and remained there till

his death. If she had any right to it, it must be by purchase, and not by gift. Mrs. Bradford has not shown where she got the money to make the purchase; she has not shown that she received the means to make the purchase from any source independent of her husband. If she made the money by her personal industry, or by selling marketing taken from her husband's farm, it would not be hers, but his; and if with money raised in this way she purchased the horses and cattle in dispute, they would also be his. " He is entitled to the person and labour of the wife, and the benefit of her industry and economy. Savings out of the family purse, furnished and replenished by the husband, are not property that accrues to the wife within the meaning of the act :" Raybold v. Raybold, 8 *Harris* 311. Bradford might have permitted his wife to retain her personal savings, and apply them to her own use as her separate property, but there is no evidence that he ever did so, or that he ever released any of his marital rights to them. " To bring the property of a married woman under the protection of the Act of 11th April, 1848, it is made necessary by the letter as well as the spirit of the statute to prove that she owns it; she must identify it as property which was hers before marriage, or show how she came by it afterwards. Evidence that she purchased it amounts to nothing, unless it be accompanied by clear and full proof that she paid for it with her own separate funds. In the absence of such proof, the presumption is a violent one that the husband furnished the means of payment : Keeney v. Good, 9 *Harris* 355. When personal property is thus claimed by a married woman, she must prove her title by evidence which does not admit of a reasonable doubt; unless rigid proof of her title is always required, no one can calculate the amount of injustice which the Act of 1848 will produce : Gamber v. Gamber, 6 *Harris* 366. In this case the accountant has failed to give evidence that she owned any portion of the property before marriage, or any satisfactory evidence that it was purchased afterwards with her own private funds; and if the estate was insolvent, this would be a decisive answer to her claim. But the accountant contends that as the estate is solvent, the rule laid down in the cases cited does not apply; and that the declarations of her husband as proved, that this was her property, is sufficient evidence of her ownership as against his heirs, and every other person; as that is sufficient, without this property, to discharge all liabilities against the estate. This might be true if he had stated how she acquired it, or that he had given it to her, to have and hold of her own right, or that she had purchased it with her own separate money, and not with the money from the sale of his property, or in any way independent of him. But this he never said. All he said might be true, and yet not inconsistent with his ultimate claim of ownership. There is nothing more common than for a husband to say that such and

[*Bradford's Appeal.*]

such things belong to his wife, as her horse and saddle, her cow, or that his wife has money, without dreaming that he is thereby investing her with a separate ownership of the property, and he would not be so understood by others, unless he further explained how she acquired it. When the estate is solvent, the declaration of the husband as to the ownership claimed by the wife, might be competent evidence on the part of the wife to prove her right to it, but they must be full, clear, and unequivocal, and show satisfactorily how she came by it, or that he admitted it to be her own separate property. But your auditor is of the opinion that the evidence does not go that far. She has not been able to show that the property was given to her, nor how nor where she got the money with which she purchased a portion of it. The presumption of law therefore arises that it came from the family purse, or was realized from the sale of her husband's property. She should therefore be charged with the amount of it in her account as administratrix of said deceased.

Your auditor, therefore, charges the said accountant with the following amounts, to wit:—

| | |
|---|---:|
| 1 bay mare, of the value of . . . . | $95.00 |
| 1 " colt " . . . . . | 40.00 |
| 3 cows " . . . . . | 30.00 |
| 3 head of young cattle . . . . . | 15.00 |
| | $180.00 |

| | |
|---|---:|
| From which deduct the balance due accountant, as per her account, 17th February, 1857 . . | $25.40 |
| Balance in the hand of accountant . . . | 154.60 |

Which leaves in the hand of the administratrix, and due the estate, $154.60.

The first exception was not sustained, but abandoned by exceptant. Due notice of the time and place of auditing was given, and the accountant and exceptant both attended before the auditor. The testimony offered and given by the parties is hereto annexed, and made part of this report. All of which is respectfully submitted.                                    D. PHELPS, Auditor.

Your auditor would further report that he sat in pursuance of notice, on the 21st of May, 1857, to examine and audit said account, and took part of the testimony, and with consent of both parties, adjourned to the 28th of May, 1857, when the balance of the testimony was taken, and the whole matter left with the auditor for his decision. No issue of fact was asked by either party. Your auditor therefore wrote out his report, and submitted it to the attorneys of the administratrix on the 26th June, 1857, for their examination.

[Bradford's Appeal.]

And now, to wit, 27th June, 1857, Messrs. Golden and Fulton, the attorneys of the administratrix, file their request in writing with the auditor, that he certify an issue in this case to the Court of Common Pleas of the county of Armstrong, to try the question whether the property mentioned in the second exception filed to the account of the administratrix, by Samuel Bradford, was the property of John Bradford at the time of his death or not. Which is hereby accordingly done if the court shall be of the opinion that the application for said issue is in time, and your auditor has the right, under the circumstances, to certify the same. The exceptant objects to it.

To which report the accountant filed the following exceptions:—

1. The auditor erred in charging the accountant with the property stated in the exceptions of Samuel Bradford, and that the evidence offered and received on behalf of accountant, was not sufficient to establish her right of property.

2. The auditor erred in admitting the declaration of John Bradford against the widow.

In pursuance of the request made to the auditor, the court are hereby requested to certify an issue to the Court of Common Pleas, to try the question of fact involved in this case, to wit: whether or not the property stated in the exceptions filed, was the property of John Bradford, deceased.

October 24th, 1855, the court confirmed the report of the auditor, and dismissed the exceptions.

Accountants appeal, and assign for error the confirmation of the auditor's report.

*Golden* and *Fulton*, for appellant.—Act of 16th June, 1836, § 2; Mengas' Appeal, 7 *Harris* 321; Act of 29th March, 1832, § 55; Cummings' Appeal, 1 *Jones* 272; Goodyear *v.* Rumboagh, 1 *Harris* 480; Rogers *v.* Fales, 5 *B.* 154; Gangwere's Appeal, 2 *Harris* 424; Hoar *v.* Axe, 10 *Harris* 381; Gochenaur's Estate, 11 *Harris* 460.

*Boggs*, for appellee.—Act 8th April, 1833, § 4, art. 5th, *Dunlop*, 2d ed. 577; Herr's Appeal, 5 *W. & S.* 499; Raybold *v.* Raybold, 8 *Harris* 311; Keeney *v.* Good, 9 *Harris* 355; Gamber *v.* Gamber, 6 *Harris* 366; Gray's Estate, 1 *Barr* 327; 9 *Watts* 169; 3 *P. R.* 185.

The opinion of the court was delivered by

KNOX, J.—The facts of this case are so clearly stated by the auditor, and the legal conclusions so correctly drawn therefrom, that it is unnecessary for us to say more than that the decree of

the Orphans' Court, in sustaining the auditor's report, was clearly right.

The prayer for the issue was not made until the result of the hearing before the auditor was ascertained. The request came too late. One cannot take his chance for a favourable finding of facts by an auditor, and when the report is adverse, demand as matter of right an issue to try the same facts before a jury. The costs were charged in the usual manner to the losing party.

Decree affirmed at the appellant's costs.