# Nathan T. Gilmore *v.* The Connellsville Water Company. In re Rule on Edward Campbell.

*Attorney at law—Attorney and client—Settlement of dispute.*

When a client is dissatisfied with the sum retained by his attorney as
compensation, he may either bring suit against or take a rule upon him.
In the latter case the court will compel immediate justice if the sum re-
tained be such as to show fraudulent intent; if the answer convinces the
court that the sum is held back in good faith and is not more than honest
compensation, the rule will be dismissed and the client remitted to a jury
trial.

*Attorney and client—Effect of findings by court.*

Where a controversy between an attorney and client is submitted to the
court on rule, answer and depositions, the record presents the decree with
the weight of a verdict, and it will not be set aside unless error clearly
appears.

*Practice, C. P.—Trial by jury—When waived.*

Where a party to a cause has submitted the determination of the facts
to the court and has taken the chances of a finding in his favor, he cannot
after an adverse decision select a new tribunal by demanding a trial by
jury.

Argued April 20, 1896.    Appeal, No. 63, April T., 1896, by
Edward Campbell, from decree of C. P. Fayette Co., Dec. T.,
1887, No. 83, ordering appellant to pay over a certain portion
of moneys collected by him as an attorney at law.    Before
RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY
and SMITH, JJ.    Affirmed.

Rule on Edward Campbell to show cause why he should not
pay over certain moneys collected by him as attorney for the
plaintiff in the above entitled cause.    Before PORTER, J., spe-
cially presiding.    Rule absolute as to $249.62.    As to the other
amount set forth in petition, rule is discharged without preju-
dice to plaintiff's right to recover said additional amount.

The facts are stated in the opinion of the Superior Court as follows :

In 1886, Edward Campbell as attorney for Nathan T. Gilmore instituted proceedings against the defendant to restrain by injunction the occupancy of land and taking of water owned by the plaintiff ; and, failing in this proceeding, an action at law was begun to recover damages therefor.

Both cases were resisted, and after considerable controversy the latter resulted in the plaintiff's favor on September 4, 1891, through which appellant received for plaintiff as verdict $4,746.14 and the next day remitted to the client $3,746.14. Exceptions to costs were at the time pending, and on November 13, 1891, an additional sum of $258.12 was paid appellant as plaintiff's costs.

A dispute arose as to the proper compensation to which the attorney was entitled, to determine which a petition was presented by plaintiff, " for a rule on the said Edward Campbell to show cause why he should not pay the said sum of $758.12 to your petitioner." A rule was granted, the respondent filed an answer which was subsequently withdrawn by leave of court, and a revised one filed, detailing the whole transaction with this client, admitting that he had received the sums of money in dispute, to wit : $1,000 and $249.62, and held them as his fair compensation for professional services rendered in the cases mentioned, and concludes, " This respondent therefore showing to your honors that he owes the said petitioner nothing and is not bound to pay him $758.12 or any other sum, respectfully asks that the rule may be discharged." After the issue was thus raised, the case was on the argument list seven times between June, 1892, and March, 1895, when depositions were taken in support of the petition. On July 6, 1895, the respondent took a rule to take depositions in support of his answer and submitted himself and two others as witnesses.

On July 23, 1895, after argument, the following order was made by Judge W. D. PORTER, specially presiding : " This matter came on to be heard on petition, answer and testimony, and the rule is made absolute as to the amount of plaintiff's bill of costs, viz : $249.62 collected ; and Edward Campbell, Esq., is ordered forthwith to pay over to Nathan T. Gilmore the sum of two hundred and forty-nine and sixty-two one hundredths dol-

lars.   As to the other amount set forth in the petition, the rule is discharged without prejudice to plaintiff's right to recover said additional amount by action," [1] to which the respondent excepted and assigns the decree of the court for error. This history is deemed necessary in the view taken by the court.

*Error assigned* was, (1) decree of the court, reciting same as set out in the above statement of facts.

*R. P. Kennedy*, for appellant.—It was the duty of the court below to dismiss the petition until demand had been made upon Mr. Campbell for settlement and until the attempt to settle with him had failed: Shoemaker v. Stiles, 102 Pa. 554; Balsbaugh v. Frazer, 19 Pa. 95–99; Dubois' Appeal, 38 Pa. 231; Lodge v. Gaunt, 16 W. N. 438; Hatch v. Stitt, 66 Pa. 266; In re Kennedy, 120 Pa. 497.

*R. H. Lindsey* and *S. E. Ewing*, for appellee.—" The summary jurisdiction of courts over attorneys is sufficiently accounted for by the necessary and inherent control vested in them over the conduct of their own officers.   The jurisdiction exists whenever the employment is so connected with their professional character as to afford a presumption that their character formed the ground of their employment:" Weeks on Attorneys, sec. 43, et seq.   No rule or statute is necessary to authorize its exercise: In re Goodrich, 79 Ill. 148; Penobscot Bar v. Kemble, 64 Maine, 140.

OPINION BY ORLADY, J., July 16, 1896 (after stating the facts as above ):

By section 28 of the act of June 16, 1836, P. L. 793, it is provided, " the several courts aforesaid shall have power, . . . . *to make rules upon attorneys for the payment of money* and the delivery of deeds, and other papers in their hands, belonging to their clients, and in every such case to enforce obedience to such rules by attachment," . . . .

In Balsbaugh v. Frazer, 19 Pa. 95, the Supreme Court declare, " It ought to be known that the following propositions are undeniably established by authority and fortified by reason." " 4th. If the client is dissatisfied with the sum retained he may

either bring suit against the attorney or take a rule upon him. In the latter case the court will compel immediate justice, or inflict summary punishment on the attorney, if the sum retained be such as to show a fraudulent intent. But if the answer to the rule convinces the court that it was held back in good faith, and believed not to be more than an honest compensation, the rule will be dismissed, and the clients remitted to a jury trial," which is adopted in Shoemaker v. Stiles, 102 Pa. 552, and In re Rule on Kennedy, 120 Pa. 497.

The court below evidently had this last case presented for consideration (appellant and his counsel being identified with it, as well as the one on trial, with equal concern), and from the decree made was convinced that the rule should not be discharged and this client remitted to a jury trial to determine the right to the $249.62.

This record presents the decree with like weight of a verdict, and will not be set aside unless the error clearly appears: Butterfield v. Lathrop, 71 Pa. 225; Fall Creek C. & I. Co. v. Smith, 71 Pa. 230; Thornton v. Enterprise Ins. Co., 71 Pa. 234.

An examination of the evidence does not warrant a reversal. Appellant urges in argument in this court for the first time, that "the case was for the decision of a jury and not for the court." The answer raised an issue of facts which was urged by depositions and on argument to have the rule discharged. No request was made for a trial by jury, but the issue was submitted to the court. The authority to enter judgment in favor of appellant was recognized and urged, with knowledge of his rights as he was attorney and counselor at law.

Trial by jury is a guaranteed right under our government, but it is a right which may under special conditions be waived: Lavery v. Commonwealth, 101 Pa. 560; Proffatt on Jury Trial sec. 111, 112.

After having submitted the determination of the facts to the court, and having taken the chances of a finding in his favor, he cannot after an adverse decision select a new tribunal: Lower's Appeal, 1 Walker, 404; Bradford's Appeal, 29 Pa. 513.

The assignment of error is overruled and decree affirmed.