Jadwin, Appellant, *v*. R. Bell & L. Gallagher.

Argued March 7, 1933.

Before Trexler, P. J., Keller, Cunning-
ham, Baldrige, Stadtfeld, Parker and James, JJ.

*George Morrow,* for appellant.

*Cornelius B. Comegys,* for appéllees.

OPINION BY TREXLER, P. J., April 17, 1933:

The plaintiff filed a statement which the court, on the defendants filing an affidavit of defense in the nature of a demurrer, deemed insufficient, not disclosing a valid cause of action. The statement alleges; the plaintiff is a resident of New York; he owns a house in which his sister lives, in the State of Pennsylvania; on June 22, 1931, a summons was issued at the instance of the Globe Slag Refining Company by an alderman in the City of Scranton and on the same day Leo Gallagher brought a summons to the plaintiff's house and threw a copy of it through the front door and on the floor of the hall thereof, and then made a return thereof as follows: "Now, June 22, 1931, served on defendant by handing a true and attested copy thereof to Mrs. Harry Lathrop, an adult member of his family, at his dwelling or residence, Glenburn, Lackawanna County, Pennsylvania, and informing said adult member of the contents thereof;" plaintiff owed the Slag Company nothing, on the contrary there was a balance due to him by reason of a counter-claim amounting to $200; Richard Bell and Leo Gallagher by virtue of an execution levied upon and advertised for sale, at constable's sale, the personal property in said building, and to avoid this sale the plaintiff was

obliged to pay the amount of the Slag Company's claim, to-wit, $193.45 and $10.45 costs; the return made by the constable was false and incorrect; the defendant has no residence in the State of Pennsylvania and Mrs. Harry Lathrop is not an adult member of his family.

For present purposes all of the above assertions must be regarded as true. The court filed an opinion in which it stated its reasons for holding that the statement is insufficient. The first is, that there is no allegation that notice was given of the present suit to the constable and his deputy as required by the Act of March 21, 1772, 1 Sm. L. 364, 42 PS 1016. Our court has held in Ford v. Campbell, 51 Pa. Superior Ct: 388, that this act applies only to such cases in which "by the exhibition of his warrant, the constable could satisfy the party plaintiff that the injury complained of could not justly be ascribed to him." In the case before us the burden of plaintiff's complaint against the constable and his deputy is not that they had no warrant, but that the deputy alleged facts on his return which were not true and by reason of such false return and the consequences naturally following from it, plaintiff was damaged. The act does not apply to the present case.

The court refers to the fact that the defendant in the first case having taken an appeal and entered bail and paid the costs, has waived all defects in the service of the summons. Defendants' demurrer urges that plaintiff omitted to state that he had appealed the case to the court of common pleas. The plaintiff was not required in his statement to set out what the defendant might urge as a defense. This was not part of plaintiff's case and the defendants in their objection to the plaintiff's statement are confined to the allegations contained therein. They are not allowed to interject a statement of facts in the nature of a

speaking demurrer, and the court had no right to assume such facts as present for they were not before it, and were not required to be set out as part of plaintiff's claim. The plaintiff suggests even if he took an appeal that under the decision of Holly v. Travis, 267, Pa. 136, 110 A. 230, the only way of contesting the wrong done to him is by a suit against the constable, for on appeal or certiorari such return is conclusive and cannot be contradicted. The court further refers to the fact that the suit was brought against the constable and the deputy and that separate suits should have been brought, as there is no joint liability. This question can best be decided when all the facts are developed as presented by both sides. The plaintiff's statement states that they jointly levied upon the property of the plaintiff in order to sell it. As to the false return it would seem that the constable might be liable for the misconduct of the deputy.

The plaintiff's statement is sufficient to carry the case to a trial on the merits.

We all are of the opinion that this is not a case for summary judgment.

The judgment is reversed with a procedendo.