## Taggart et ux. v. Schrumpf et al.

*Webster S. Achey,* for plaintiffs.
*Isaac J. Vanartsdalen,* for sheriff.

KELLER, P. J., February 15, 1943.—This matter is before us upon a rule obtained by Francis G. Myers, Sheriff of Bucks County, directed to plaintiffs and defendants to show cause why a declaratory judgment should not be entered in the above-entitled proceeding. The grounds alleged in support of the petition are that the action, which is based on a confession of judgment obtained in an amicable action of ejectment as of no. 71, September term, 1942, entered October 5, 1942, in

judgment docket no. 57, p. 93, on an affidavit or information filed thereon in said court, comes within the jurisdiction and the regulations issued by the administrator of the United States Government Office of Price Administration, Philadelphia-Camden Defense Rental Area, in which said premises are located; that said confession of judgment and papers filed in the above proceeding do not show that plaintiffs have brought themselves within the exceptions of said regulations and that petitioner has been advised that a serious question arises as to the legality of the said judgment and writs issued thereon, and his right to execute the said writs so delivered to him and, therefore, requests judicial interpretation of the laws applicable thereto, particularly as to whether, under the said confession of judgment, he has the legal authority to execute said writ. An answer was filed by plaintiffs in which they deny that the particular proceeding is within the regulations issued by the administrator aforesaid, and contend that the situation concerning this lease and the occupancy of the premises in question by petitioners is outside of the protection of said regulations. No answer was filed by defendants. Inasmuch as this proceeding indicates a controversy between the sheriff and parties to this writ, we have entertained this petition as coming within the Declaratory Judgments Act of July 16, 1941, P. L. 400.

The court is asked to pass upon the following questions: (1) Whether the writ is void by reason of the failure of plaintiffs to show facts of record bringing them within the exceptions of the rent regulations in said defense rental area; (2) whether said writ may be executed by the sheriff in the absence of any entry upon the record that notice has been given to the rent area's office, as provided in said regulations; (3) whether said writ may be legally executed by the sheriff before there has been delivered to him a certificate from the administrator of the local rent area certifying that plain-

tiffs may pursue their remedies in accordance with the requirements of the local laws.

As to the first question, it is conceded that there is nothing on the record showing that any notice was given to the administrator of the local defense rental area prior to the bringing of this action, or that the proceeding is within the exceptions of the rent regulations. At the argument, however, counsel for plaintiff stated that the matter had been referred to the chief rent attorney of the Philadelphia-Camden Defense Rental Area subsequent to the granting of this rule, and that said rent attorney advised counsel for plaintiffs, in writing, that the regulations do not apply to housing accommodations situate on a farm and occupied by a tenant who is engaged, for a substantial portion of his time, in farming operations thereon. A copy of this letter is hereto attached. Similar rulings or interpretations have been made by rent administrators of other defense rental areas throughout the United States. See Interpretation No. 19, "Exemption of Farm Housing Accommodations", O. P. A. Service, Rent, p. 200, sec. 814; Interpretation of the Birmingham Defense Rental Area, 1388, 111(b) (1), do, 200, sec. 351; Interpretation, Georgia and Alabama Area, do, 200-402(b) (1). It would appear, therefore, that the maximum rent regulations are not applicable to the property in question and that the process issued at the instance of plaintiffs is valid.

The second and third questions raised by petitioner will be considered together. These are, in effect, whether a sheriff is justified in refusing to execute a writ of possession in the absence of a certificate from the administrator of the rent area certifying that the landlord may pursue his remedies provided by the local or State law. This being a Federal bureau regulation of recent origin, we have been unable to find any decision or rulings in which this particular question has been discussed or passed upon. However, the law is clear that in the execution of writs or other process

issued out of courts having jurisdiction and authority in the premises the powers and duties of a sheriff are ordinarily of a ministerial nature, and that when a writ or other process, legal in form with nothing on its face indicating a want of jurisdiction, is directed to the sheriff and placed in his hands for execution, he is protected in duly executing it according to its commands: 57 C. J. 774, §124; Billings et al. v. Russell, 23 Pa. 189, 192; Barr et al. v. Boyles, 96 Pa. 31; Jadwin v. Bell et al., 108 Pa. Superior Ct. 543.

"Where the power and duty to serve or execute process is conferred on a sheriff or constable, he must serve or execute all process delivered to him for that purpose, which appears on its face to have issued from competent authority, and with legal regularity, and the service or execution of which is within the lawful powers of his office. This duty is not affected by any private knowledge which he may have concerning the existence of the cause of action to which the process relates, or the validity of the proceedings in which the process was issued; nor can a sheriff refuse to serve a process regularly issued to him, because in his opinion it is irregular. On the other hand, he may refuse to execute process issued on a void judgment": 57 C. J. 781, §142.

In The Fall Creek Coal & Iron Co. v. Smith, 71 Pa. 230, 232, in which a writ of attachment, found to have been irregular, was issued and served by the sheriff, the court, in a trespass action brought against the sheriff, held that, inasmuch as the court had jurisdiction, the writ was a protection to the sheriff; that it was not incumbent upon him to determine anything about the regularity of the writ but he was bound to serve it and was not responsible for errors in the process.

Accordingly, we have reached the conclusion that it is not incumbent upon a sheriff or similar officer before executing a writ of execution or other process directed to him to be served, first to satisfy himself

and ascertain the validity of the proceedings. If, on the face of the writ, it appears to be regular and issued out of a court having authority in the premises, then it becomes his duty to carry out the mandate of the court.

And now, to wit, February 15, 1943, it is declared, adjudged, and decreed that the above-entitled writ of habere facias possessionem, issued at the instance of plaintiffs herein against defendants above named to no. 28, October term, 1942, and delivered to Francis G. Myers, as Sheriff of Bucks County, for execution, is a valid writ and that it is the duty of said sheriff to execute the same as directed in accordance with the laws of this Commonwealth, in such case made and provided.

[COPY.]

January 9, 1943.

Webster S. Achey,
Doylestown, Pa.

Dear Mr. Achey:

You have reported the following situation: A tenant is in possession of a farm for a three year term which has not expired. The lease contemplates that the tenant shall devote his time to farming operations on the premises. He has defaulted substantially in payment of rent, and it is your desire to evict him.

The Maximum Rent Regulation does not apply to housing accommodations situated on a farm and occupied by a tenant who is engaged for a substantial portion of his time in farming operations thereon. In such a situation a landlord is entitled to use his remedies under local law for the eviction of a tenant.

We enclose a copy of an explanation of Section 6 of the Maximum Rent Regulation dealing with eviction proceedings.

Sincerely yours,

(Signed) JOHN E. MULDER,
*Chief Rent Attorney.*