## Nelson v. Wick

*Lawrence M. Sebring* and *Norman S. Faulk*, for plaintiff.

*Bradshaw, McCreary & Reed*, for defendant.

BRAHAM, P. J., fifty-third judicial district, specially presiding, October 16, 1944.—Is a defendant, a constable, liable for depriving plaintiff of his truck by the improper use of legal process, although plaintiff has not made a demand for a copy of the warrant before bringing suit and has not joined as a defendant the justice of the peace who issued the search warrant, pursuant to the provisions of section 6 of the Act of March 21, 1772, I Sm. L. 364, 42 PS §1016? This is the question posed by the pending motions for judgment non obstante veredicto and for a new trial.

The facts must be stated as briefly as possible. On September 9, 1943, plaintiff owned a Chevrolet automobile. He agreed to trade it and $350 to Walter R. Cox, or to Cox and his partner, Clarence S. Christy, for an International pick-up truck. The trade was made, but when Cox claimed the Chevrolet automobile was not as valuable as expected plaintiff agreed to call the deal off. Accordingly, plaintiff received back his automobile and delivered to Cox the title to the truck endorsed in blank, as plaintiff had received it from Cox. According to the evidence, plaintiff was to retain possession of the truck as security for the $350. Plaintiff was next asked to assist Cox in getting a clear title to the truck by certifying that there was no encumbrance against it. This plaintiff did, believing he could trust Cox.

Once Cox had the clear title, he undertook to recover the truck from plaintiff. He tried to get a search warrant from a justice of the peace named Christy and, when refused there, he went before Justice of the Peace W. J. Beglin, made an information charging plaintiff with larceny by bailee and caused a search warrant for the truck to issue. Beglin placed the search warrant in the hands of defendant for execution. It was in the usual form, commanding the constable to seize and secure the truck, and to bring the person in whose custody it be found into court.

The justice of the peace gave defendant some oral instructions. According to Squire Beglin, who testified for plaintiff, he said, "if there is any controversy about the truck, possession of it, and so forth, you either lock it up in some independent garage in Hookstown or bring it back to Midland with you". According to defendant, the justice said, "Try to get things settled. If Mr. Nelson releases the truck to Cox, why, then, that is all there will be to it, and forget about it. In case he don't, you have the warrant and you can use that."

Defendant, accompanied by Cox, went to plaintiff's place of business and demanded the truck. Plaintiff refused to deliver it because he held it as security for the $350. Plaintiff's evidence indicated that for more than 20 minutes plaintiff refused to give up the truck, finally doing so only because he was threatened by the execution of the warrant. Defendant's testimony indicates that plaintiff yielded the truck voluntarily to Cox.

The upshot of the matter was that defendant and Cox went away with the truck. Defendant turned it over to Cox, who promptly sold it, pocketed the money, and vanished. No return of the search warrant was ever made; defendant says he lost or mislaid it; and no hearing was ever had until plaintiff forced the holding of a hearing at which he was discharged.

The jury found a verdict in favor of plaintiff for $350; and a special verdict establishing that defendant

did not comply with the instructions of the justice of the peace, but did not act in bad faith.

Defendant's primary reliance is upon the Act of March 21, 1772, 1 Sm. L. 364, sec. 6, 42 PS §1016. This act provides in substance that no action shall be brought against "any constable or officer, or any person or persons acting by his or their order, and in his aid, for anything done in obedience to any warrant, under the hand and seal of any Justice of the Peace", without prior written demand for a copy of the warrant and a refusal for six days to comply with the demand. The statute also provides that, even if demand be made and plaintiff proceeds against defendant alone without joining the justice of the peace, the case shall be dismissed; and further that, if both be joined, upon the production of his warrant, the constable shall be entitled to his discharge from the suit.

This ancient act is almost an identical copy of the British statute, 24 George II, c. 44, and has been the subject of much interesting litigation. It is, however, no protection to the present defendant, not because he has lost his warrant and cannot produce it, but because he failed to follow the directions of his warrant. Instead of seizing plaintiff's truck and holding it until lawfully directed as to the manner of disposing of it, he delivered the truck forthwith to Cox, the prosecutor, and put it out of his own power to deliver the truck to plaintiff once the case was dismissed.

Our authorities clearly establish the rule refusing the constable the protection of the act when he acts without the authority of his warrant. In Commonwealth ex rel. Baldwin & Co. v. Yeisley et al., 6 Pa. Superior Ct. 273, a constable who had levied upon goods sufficient to satisfy an execution, but who refused to sell them and instead returned his writ "no goods found subject to levy and sale", was without the protection of the act. Judge Rice, citing a dictum of Chief Justice Gibson in Lantz v. Lutz, 8 Pa. 405, said (p. 277) :

"Here the constable refused to obey the command of his writ, and for that he was exclusively liable." Undoubtedly, as the Chief Justice says, "the demand must be made in all cases within the purview of the act; but this case was not within its purview." Ford v. Campbell, 51 Pa. Superior Ct. 388, Jadwin v. Bell & Gallagher, 108 Pa. Superior Ct. 543, and Shane v. Gulf Refining Co., 114 Pa. Superior Ct. 87, are to the same effect.

The purpose of the Act of 1772 is to protect the constable who does his duty. He is ordinarily unlearned in the law; he has no choice as to the writs or other process placed in his hands for service. If therefore all he has done is to comply with the mandate of the writ which is given him, judgment must be entered in his favor and recourse must be had to the justice of the peace who issued the writ. It is for this reason the law requires a joinder of the justice as a defendant. He alone will be liable for exceeding his jurisdiction if the constable has followed the directions of the writ and he should be brought into court in the first instance. The legislature included the provision requiring demand for a copy of the writ because in a case where the constable has followed his writ his innocence will appear from inspection thereof.

In the present case there was no demand and no joinder of the justice. Neither was necessary, because defendant utterly failed to comply with his writ. The case is all the stronger because the admitted facts show defendant did not "secure" the truck and hold it until after hearing as the writ commanded; and, as the special finding of the jury shows, he did not comply with the oral instructions of the justice of the peace, Beglin. The defense based upon the oral instructions of the justice assumes that plaintiff voluntarily surrendered the truck. The special jury finding negatives this idea.

It is the sixth section of the Act of 1772 which requires demand upon the constable for a copy of the

writ and a joinder of the justice of the peace. The seventh section of our act (the eighth section of the British act), 42 PS §1017, imposes a six months' statute of limitations. The decision in Smith v. Houghwat, 132 Pa. Superior Ct. 501, was based upon the seventh section. This case holds that the statute of limitations operates not only in favor of the constable who follows his writ but also one who errs in good faith, citing Parton v. Williams et al., B. & Ald. 330, 106 Eng. Repr. 684. These decisions are distinguishable. Under the seventh section the bar against a suit after six months is absolute as to both justices and constables. The language "any constable or other officer, or person acting as aforesaid" means constables, other officers and persons acting by order or in aid of the constable or officer: Smith v. Houghwat, 132 Pa. Superior Ct. 501, 505; Mellick v. Osterstock, 11 Pa. C. C. 82.

The special finding of the jury that defendant did not act maliciously does not help defendant because plaintiff's suit was brought within six months and good faith is not involved under the sixth section of the act.

The contention that no proper evidence as to damages was presented is without merit. Plaintiff always claimed a possessory lien on the truck for $350. The truck had been exchanged 15 days previously for a 1940 Chevrolet automobile plus $350. The truck had not been used in the interim. This was evidence sufficient to support the verdict.

The contention that the verdict is against the weight of the evidence is without merit. We have examined the case minutely, having in mind the predicament of the defendant constable, and find the clear weight of the evidence supports the verdict.

This is at best a case where one of two innocent parties must suffer for the wrong of a third. In such case the one must bear the loss whose conduct made the loss

possible. If defendant had merely complied with the writ placed in his hands all would have been well.

Entertaining these views, we make the following

## Order

Now, October 16, 1944, defendant's motions for judgment n. o. v. and for a new trial are each overruled and refused, and the prothonotary is directed to enter judgment on the verdict upon payment of the jury fee.